```
1  JAMES N. BIANCO State Bar # 132170
   Main Street Law Building
2  2115 Main Street
   Santa Monica, California 90405
3  (310) 399-3259

4  Attorney for Defendant
   VEARYEAK PHAVONG
```

                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 96-760-CBM |
| | ) | |
| Plaintiff, | ) | EX PARTE APPLICATION |
| | ) | |
| v. | ) | Denied |
| | ) | |
| VEARYEAK PHAVONG, | ) | 5/12/98 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COPY**

1  JAMES N. BIANCO State Bar # 132170
   Main Street Law Building
2  2115 Main Street
   Santa Monica, California 90405
3  (310) 399-3259

4

5  Attorney for Defendant
   VEARYEAK PHAVONG

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,         )   NO. CR 96-760(A)-CBM
                                     )
12              Plaintiff,           )   EX PARTE APPLICATION FOR
                                     )   RETROACTIVE APPOINTMENT OF
13        v.                         )   COUNSEL; DECLARATION OF JAMES
                                     )   N. BIANCO
14 VEARYEAK PHAVONG,                 )
                                     )   [FILED UNDER SEAL]
15              Defendant.           )
                                     )
16 _____)

17      Defendant, VEARYEAK PHAVONG, hereby applies for an order

18 retroactively appointing James N. Bianco to represent him at

19 government expense. This application, made pursuant to 18 U.S.C.

20 § 3006(e)(1), is brought on the following grounds:

21      •    Defendant Phavong was declared indigent by the Court,

22           and deemed to be entitled to experts and an investigator

23           at government expense, in October 1996;

24      •    Counsel for Mr. Phavong has worked an extraordinary

25           number of hours in this matter without compensation;

26      •    At the sentencing hearing on April 1, 1998, the Court

27           intimated - in counsel's view - that the Court may have

28           been willing to appoint counsel in this matter, had a

             request been made; and

FILED
CLERK, U.S. DISTRICT COURT
MAY 12 1998
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

- Counsel did not seek appointment in the past solely because he assumed - perhaps mistakenly - that the Court would not make such an appointment.

The application is based upon the attached declaration of James N. Bianco and the files and records in this case.

Dated: April 14, 1998

Respectfully submitted,

*[signature]*

JAMES N. BIANCO
Attorney for Defendant
VEARYEAK PHAVONG

## DECLARATION OF JAMES N. BIANCO

I, James N. Bianco, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am admitted to practice before this Court. I am the attorney for defendant Vearyeak Phavong.

2. On October 24, 1996, the Court found that Mr. Phavong was indigent, and entitled to appointment of experts at government expense.

3. As of October 24, 1996, I had worked 208.5 hours on this matter, and incurred $877.36 in expenses, for which I had been paid a total of $5,000.00 by Mr. Phavong's parents. At that time, they still owed me an additional $16,727.39 in fees and expenses.

4. I had agreed with Mr. Phavong's parents that I would represent him at the rate of $100.00 per hour, which was half my normal hourly rate. I also accepted a small retainer ($5,000), since I knew that Mr. Phavong's family was of limited means, and could not afford to pay more. My understanding was that they borrowed the money to pay me the retainer. I did not expect that they would be able to pay me anything over the initial $5,000.00 retainer. As it turned out, Mr. Phavong's parents were able to make small monthly payments to me, though these payments have barely made a dent in the fees they owed. I have essentially worked *pro bono* on this case since October 24, 1996.

5. As of the date of this declaration, I have worked a total of 493 hours in Mr. Phavong's defense, and have incurred expenses of $3,086.90 (plus an additional $856.50 which I paid out-of-pocket to law clerks who assisted me in research and writing). I have been paid a total of $12,750.00 by Mr. Phavong's parents,

1  including the original $5,000.00 retainer.

2  6.  At the sentencing hearing on April 1, 1998, the Court stated that I had been appointed in this case. I noted to the Court that I had not in fact been appointed. The Court replied by stating that that was because I had not asked. I interpreted the Court's comments to mean that the Court would have been willing to entertain a request that I be appointed to represent Mr. Phavong in this matter.

9  7.  I did not seek appointment in the past solely because I assumed that the Court would not make such an appointment. At the time the Court found Mr. Phavong was indigent, I was not a member of the Court's Federal Indigent Defense Panel. I was appointed to the Auxiliary Panel last year.

14  8.  I have worked an extraordinary number of hours in this matter without compensation. Had the Court appointed me at the time it made the finding that Mr. Phavong was indigent (October 24, 1996), I would have requested payment for 284.5 hours which I worked since that date, at the usual CJA rate of $75.00 per hour, and expenses of $2209.54. Regardless of the amount, I would be grateful for any award of fees and expenses which the Court deems appropriate. Accordingly, I request appointment in this matter, retroactive to October 25, 1996, with a limit on fees and expenses of $23,547.04, or at such level as the Court deems appropriate.

24  9.  I do not plan to represent Mr. Phavong in the appeal of this matter. This is partly because I cannot afford to continue to represent him without compensation, but mostly because I feel it would be in his best interests to have different counsel to take a fresh look at the issues in the case. Accordingly, I plan

4

1 | to move to withdraw as counsel regardless of whether the Court
2 | appoints me retroactively.
3 |     I declare under penalty of perjury under the laws of the
4 | United States that the foregoing is true and correct. Executed
5 | this 14th day of April 1998 at Santa Monica, California.

                                                JAMES N. BIANCO